IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Rivera, # 318979, ) | C/A No. 8:15-3272-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Scott Bodiford, Jail Administrator; ) | |
| Lieutenant Turner, ) | |
| ) | |
| Defendants. ) | |

Kenneth Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Lieber Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

**BACKGROUND**

Liberally construed, Plaintiff alleges the following facts. During the pertinent times mentioned in the Complaint, Plaintiff was incarcerated at the Greenville County Detention Center ("GCDC"). [Doc. 1.] Scott Bodiford ("Bodiford") is the jail administrator of the GCDC, and Mr. Turner ("Turner") is a corrections officer at the GCDC. [*Id.*] On February 5, 2015, Plaintiff was placed "in the SHU (lock up) building of the Greenville County Detention Center for an assault on an officer." [*Id.*] On February 6, 2015, Turner served Plaintiff with a disciplinary charge for a fight indicating that he was punished with seven days of detention. [*Id.*] The same day, Plaintiff also was served with a "warrant for assault/assault and battery 3rd degree." [*Id.*] On February 14, 2015, Plaintiff's seven days of disciplinary detention should have been completed, but he was not placed back into the

general population. [*Id.*] He was kept in lock-up until his transfer to SCDC custody on March 9, 2015; he spent twenty-two days in disciplinary detention after he had served seven days of punishment. [*Id.*]

On February 16, 2015, after Plaintiff asked Turner why he was kept in lock-up, Turner explained that the corrections officials were going to keep him in lock-up until he left for court related to the assault on an officer. [*Id.*] When Plaintiff asked to file a grievance, Turner told Plaintiff he could not. [*Id.*] On February 17, 2015, Plaintiff submitted a request to staff to Bodiford presumably about being kept in lock-up, but Plaintiff did not receive a reply. [*Id.*]

Based on these facts, Plaintiff alleges GCDC retaliated against him "for the assault charge." [*Id.*] Also, he contends "while my 150 days in GCDC I was redress my grievances so GCDC deem to keep me isolated from population." [*Id.*] Therefore, Plaintiff alleges that Defendants violated his constitutional right to redress of grievances and his liberty interests under the First and Fourteenth Amendments. [*Id.*] Plaintiff seeks damages and a declaration that his constitutional rights were violated. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to allege a claim on which relief may be granted. He does not allege a plausible violation of his constitutional rights. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Although in certain circumstances a prisoner may allege a claim for violation of his constitutional procedural due process rights based on a liberty interest in avoiding onerous or restrictive confinement conditions, the prisoner must demonstrate two steps. First, he

4

must point to a state statute, regulation, or policy that establishes a liberty interest in avoiding security detention *and* show that the denial imposed on him is "an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *See Prieto v. Clarke*, 780 F.3d 245, 248–51 (4th Cir. 2015) (relating to Virginia's policy for death row inmates and finding no violation of the Due Process Clause) (citations omitted); *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015). Secondly, a prisoner must show that the prison failed to afford him minimally adequate process to protect the liberty interest. *See Incumaa*, 791 F.3d at 526.

In the instant case, Plaintiff fails to state a plausible claim because he does not allege a liberty interest in avoiding security detention within the GCDC nor does he allege that his time in lock-up was an atypical and significant hardship in relation to the ordinary incidents of prison life. First, Plaintiff points to no GCDC policy that would establish a liberty interest in avoiding security detention. Also, Plaintiff does not allege facts sufficient to demonstrate that his twenty-two days spent wrongfully in lock-up rose to the level of atypical and significant hardship in relation to the ordinary incidents of prison life. For example, Plaintiff does not allege how the conditions in GCDC lock-up differed from the GCDC general population. But, even assuming the conditions in lock-up are more onerous than the general population, Plaintiff's length of stay in lock-up for twenty-two days does not rise to the level of atypical and significant hardship.[1] Thus, Plaintiff's due process claim should be dismissed for failure to state a claim on which relief may be granted.

---

[1] While the Complaint is far from clear related to the allegation about the 150 days, if Plaintiff alleges that he was in lock-up 150 days (as opposed to twenty-two days) when he should have been in the general population, that amount of time still does not rise to the level of atypical and significant hardship based on the alleged facts in this case.

Plaintiff also seems to contend that Defendants violated his constitutional right to redress grievances under the First Amendment by failing to respond to his prison grievances or refusing to let him file a grievance. However, it is well settled that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, if Defendants improperly failed to respond to Plaintiff's grievances or permit him to file one, such conduct does not violate the Constitution.[2]

To the extent Plaintiff alleges that Defendants wrongfully retaliated against him, he also fails to state a plausible claim. To state a retaliation claim, a plaintiff must allege that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated a constitutional right. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *McFadden v. Lewis*, 517 F. App'x 149 (4th Cir. 2013). Plaintiff alleges that Defendants wrongfully kept him in lock-up because he had assaulted a corrections officer. Assaulting a corrections officer certainly was not exercising a constitutionally protected right. And, as discussed above, Plaintiff's allegation that he was kept in lock-up in the GCDC does not violate the Constitution. Therefore, Plaintiff does not state a plausible retaliation claim.

---

[2]This Court has explained to Plaintiff in his prior actions that there is no constitutional right to participate in a prison grievance process. *See, e.g., Kenneth Rivera v. Byars (Rivera II")*, C/A No. 8:12-3214-JMC (D.S.C. Oct. 24, 2013), ECF No. 40.

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). **Plaintiff's attention is directed to the important notice on the next page.**

September 30, 2015                                     s/Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).