# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979, ) | |
| ) | Civil Action No. 8:15-cv-03272-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Scott Bodiford, Jail Administrator, ) | |
| Lieutenant Turner, ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding pro se, brings this action, (ECF No. 1), pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at McCormick Correctional Institution (McCormick") in McCormick, S.C. Plaintiff, at the times mentioned in the Complaint, was incarcerated in the Greenville County Detention Center ("GCDC"). Plaintiff files this action in forma pauperis under 28 U.S.C. § 1915. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on September 30, 2015, recommending that Plaintiff's action, (ECF No. 1), be dismissed without prejudice and without issuance and service of process. It is further recommended, by the Magistrate Judge, that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), and **DISMISSES** Plaintiff's action without prejudice and without issuance and service of process. Further, this court designates this action a "strike" pursuant to 28 U.S.C. § 1915(g).

## I.     RELEVANT FACTUAL BACKGROUND

Plaintiff alleges, on February 5, 2015, he was placed in the special housing unit ("SHU") building of the GCDC, resulting from an assault on an officer. (ECF No. 1.) On February 6, 2015, Defendant Lieutenant Turner ("Turner") served Plaintiff with a disciplinary charge for the fight.

1

(ECF No. 1.) Plaintiff was also served with a warrant for assault/assault and battery 3rd degree. (ECF No. 1.) Plaintiff was instructed that he would stay in the SHU for seven days. (ECF No. 1.) Plaintiff stayed in the SHU until his transfer to SCDC custody on March 9, 2015; serving an additional twenty-two days beyond his required seven days. (ECF No. 1.) On February 16, 2015, two days beyond his seven day disciplinary detention, Plaintiff was told by Turner that correction officials would keep him in the SHU until Plaintiff left for court regarding his charge of assault on an officer. (ECF No. 1.) Plaintiff requested to file a grievance and was told by Turner that he could not. (ECF No. 1.) Plaintiff, on February 17, 2015, submitted a request to staff to Defendant Scott Bodiford ("Bodiford") regarding his continued disciplinary detention, but received no reply. (ECF No. 1.) Plaintiff alleges that GCDC retaliated against him; violating his constitutional rights to redress grievances and his liberty interests under both the First and Fourteenth Amendment. (ECF No. 1.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d)(DSC). The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

The Magistrate Judge recommended that Plaintiff's action be dismissed without prejudice and without issuance and service of process. (ECF No. 10.) Additionally, it was recommended by the Magistrate Judge that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). (ECF No. 10.) Specifically, the Magistrate Judge noted that the Complaint was filed pursuant to 42 U.S.C. § 1983, noting that any civil action under this statute "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." (ECF No. 10 at 4 (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).) As such, Plaintiff must allege that a right secured by law or the Constitution has been violated, and such a violation was committed by a person acting under the color of state law. (*Id.* (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).) Here, Plaintiff fails to meet the requisite elements.

Given that the court must liberally construe the pro se Complaint, with no requirement on Plaintiff to sufficiently plead facts, within the Complaint, to prove his case as an evidentiary matter, the Complaint still must 'state a claim to relief that is facially plausible. (ECF No. 10 at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).) Facial plausibility arises when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (ECF No. 10 at 4 (citing *Owens v. Baltimore City State's Attorneys Office*, 767 F. 3d 379, 388 (4th Cir. 2014)).) The Magistrate Judge found that although Plaintiff alleges his disciplinary detention was prolonged, without justification, this is insufficient to state a claim for which relief can be granted. (ECF No. 10.) Plaintiff does not allege a liberty interest in avoiding disciplinary detention within the GCDC. (ECF No. 10.) Additionally, the Magistrate Judge noted that Plaintiff failed to put forth a specific GCDC statute, regulation, or policy that establishes a liberty interest in avoiding disciplinary

detention. (ECF No. 10.) Plaintiff further fails to demonstrate how his disciplinary detention at GCDC was such that it exposed him to undue hardship atypical of detention in GCDC. (ECF No. 10.)

Plaintiff appears to object to the Magistrate Judge's Report because (1) his time in disciplinary detention exceeded seven days, without notice, and (2) his constitutional right to file a grievance regarding his conditions or confinement was violated. (ECF No. 12.)

First, the additional twenty-two days in disciplinary detention is not such that would warrant a significant hardship placed upon Plaintiff. (ECF No. 10.) Two days after the seven day timeframe, Turner made Plaintiff aware of the reason his detention would be prolonged. (ECF No. 10.) Thus, reasoning for Plaintiff's additional time was properly conveyed, constituting justifiable notice. The Magistrate Judge went so far as to note that even if the court was to assume Plaintiff's conditions in disciplinary detention were overly burdensome, compared to general population, the additional time was not enough to signify a level of atypical and significant hardship. (ECF No. 10.)

Second, Plaintiff fails to properly state a particular statute, law, or regulation that affords him the right to file a grievance. The Magistrate Judge noted that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. (ECF No. 10 at 6 (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No: 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct 15, 2009)).) The Magistrate Judge noted that assaulting a police officer, the charge for which Plaintiff remained in disciplinary detention, certainly was not exercising a right protected by the Constitution. (ECF No. 10 at 6). Therefore, Plaintiff has failed to demonstrate a violation of his Constitutional rights; failing to state a claim for which relief can be granted.

4

## IV.     CONCLUSION

After a thorough review of the Report and the record, the court **ADOPTS** the Magistrate Judge's Report, (ECF No. 10), and **DISMISSES** Plaintiff's action, (ECF No. 1), without prejudice and without issuance and service of process. The court designates this action a "strike" pursuant to 28 U.S.C. § 1915(g). (ECF No. 10.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 15 2016
Columbia, South Carolina